IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STERICYCLE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALLIED HOLDINGS GROUP, LLC,<br><br>　　　　Defendant. | No. 1:23-cv-1322 |

**AGREED PERMANENT INJUNCTION**

This matter comes before the Court on Plaintiff Stericycle, Inc.'s ("Stericycle") Complaint for Injunctive Relief and Damages (ECF No. 1), Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65, which the Court granted in part and issued a Partial Temporary Restraining and Preliminary Injunction Order (ECF No. 14), and the parties' Joint Motion for Entry of Agreed Permanent Injunction ("Joint Motion") (ECF No. 32.) Having reviewed the parties' Joint Motion and being duly advised, the Court grants the parties' Joint Motion and enters Judgment, as set forth below.

　　　　1.　　　　The Court has personal jurisdiction over Allied.

　　　　2.　　　　The Court has subject matter jurisdiction over this action.

　　　　3.　　　　The Parties have reached an agreement in this matter that includes the entry of this Agreed Permanent Injunction.

　　　　4.　　　　Thus, based on the agreement of the parties, it is HEREBY AGREED, ORDERED, ADJUDGED, AND DECREED as follows:

(a) Allied represents and warrants that it has no Stericycle Confidential Information or Trade Secrets (as those terms are defined in the Complaint) in its possession, custody or control, and further represents and warrants that it does not use Stericycle Confidential Information or Trade Secrets to compete with Stericycle.

(b) Allied, and every person and entity acting in concert with it, is permanently enjoined from knowingly or intentionally obtaining any Stericycle Confidential Information or Trade Secrets.

(c) Allied, and every person and entity acting in concert with it, is permanently enjoined from using Stericycle's Confidential Information and Trade Secrets for any purpose.

(d) Allied, and every person and entity acting in concert with it, is permanently enjoined from contacting Stericycle or its customers while falsely claiming or inferring any affiliation, connection, or association with Stericycle or its services.

(e) Allied, and every person and entity acting in concert with it, is permanently enjoined from contacting Stericycle while falsely claiming to be affiliated with or a representative of any customer of Stericycle.

(f) Allied, and every person and entity acting in concert with it, is permanently enjoined from defaming Stericycle to any third party person or entity.

(g) This Agreed Permanent Injunction is binding on Allied and all other persons Allied has direct control over and who receive actual notice of this Agreed Permanent Injunction.

(h) The parties agree that nothing in this Agreed Permanent Injunction is intended to, or should be interpreted as, preventing fair competition between the parties.

(i) The parties agree, acknowledge, and understand that they are, and will remain, subject to this Court's jurisdiction to enforce the terms and conditions of this Agreed Permanent Injunction. The parties further agree, acknowledge, and understand that any subsequent action brought to enforce the terms and conditions of this Agreed Permanent Injunction shall be brought exclusively in the United States District Court for the Northern District of Illinois, and each party waives any objections to personal jurisdiction in that Court.

(j) Stericycle shall dismiss all claims and causes of action, with prejudice, against Allied.

SO ORDERED.

Agreed as to substance and form:

STERICYCLE, INC.

By: /s/ James V. Garvey
       Its Attorney

ALLIED HOLDINGS GROUP, LLC

By: /s/ Justin W. Pendleton
       Its Attorney

Date: October 10, 2023

_____
HONORABLE MARY M. ROWLAND
United States District Court
Northern District of Illinois